Wright v. Tichenor.

No. 12,233.

## WRIGHT v. TICHENOR.

REAL ESTATE, ACTION TO RECOVER.—*Statute of Limitations.*— *When Begins to Run.*—The statute of limitations begins to run only when the right of action accrues; and in the case of a claim to the possession of real estate, the right of action does not accrue until there is a right of entry.

SAME.—*Sale on Execution against Husband Alone.*— *Wife's Interest.*—Where land was sold in 1854 upon an execution against the husband alone, the right of the wife to enter into possession of the land did not vest until the death of her husband, and an action may be brought within twenty years from that time.

SAME.—*Interest Taken by Purchaser.*—A sale made upon a judgment rendered against the husband alone does not convey the interest of the wife, but only that of the husband.

SAME.—*Unrecorded Deed.*—In such case the fact that the husband's deed to the land was unrecorded can not deprive the wife of her rights as against a person claiming title under such sale.

SHERIFF'S SALE.—*Position of Purchaser.*—A purchaser at a sheriff's sale occupies the same position as if he had purchased the property from the debtor at the same date as that on which the judgment was rendered.

DEED.—*Quitclaim.—Color of Title.—Notice.— Sheriff's Sale.—* A quitclaim deed executed by one having no title, *e. g.*, by one who has previously conveyed all his interest in the land, does not convey even color of title to one who takes with notice. One who buys at a sheriff's sale made on a judgment against the first grantee will take a quitclaim deed from the grantor with notice.

From the Tipton Circuit Court.

*J. M. Fippen,* for appellant.

*J. A. Swoveland* and *J. I. Parker,* for appellee.

ELLIOTT, J.—Exhibited in a condensed form, the facts stated in the special verdict are these : The appellant became the wife of Amasa P. Casler in September, 1848, and continued to sustain that relation to him until his death, on the 13th day of December, 1864; Amasa P. Casler became the owner of the land in controversy in 1850; on the 13th day of November, 1854, executions were issued upon judgments rendered against him, the land sold, and purchased by the remote grantor of the appellee. The deed under which the

appellant's husband claimed title was never recorded, and was executed by Robert E. Davidson and wife. Possession of the land was taken by the purchaser at the sheriff's sale, and he and his grantees have since been continuously in possession under the deed executed by the sheriff and a quitclaim deed executed by Robert E. Davidson and wife. The appellant has never conveyed her interest in the land, nor joined in any conveyance of it.

The statute of limitations does not begin to run until the right of action accrues, and in the case of a claim to the possession of real estate, the right of action does not accrue until there is a right of entry. Prior to the act of 1875 the right of a married woman to recover her interest in the lands of her husband did not accrue until his death. Where, therefore, land was sold in 1854 upon an execution against the husband alone, the right of the wife to enter into possession of the land did not vest until the death of her husband. As against the title conveyed by the sheriff's deed, the right of the appellant did not vest until the death of her husband, on the 13th day of December, 1864, and as this action was brought within twenty years from that time, the statute of limitations did not bar her right to assert title against the rights and interests conveyed by the sheriff's deed.

A sale made upon a judgment rendered against the husband alone does not convey the interest of the wife; it is the interest of the husband, and not that of the wife, that is sold. *Taylor* v. *Stockwell*, 66 Ind. 505, see p. 516; *Pattison* v. *Smith*, 93 Ind. 447; *DeArmond* v. *Preachers Aid Society*, 94 Ind. 59; *Mansur* v. *Hinkson*, 94 Ind. 395; *Richardson* v. *Schultz*, 98 Ind. 429. The interest of the appellant was, therefore, not sold or conveyed by the sheriff to the appellee's remote grantor. The sale by the sheriff did not profess to convey the title of the appellant, and the appellees can not have even color of title under the sheriff's deed, to the interest of the former in the land of her deceased husband. In legal effect

he is a tenant in common with her, she owning one-third of the land and he the two-thirds of it.

The fact that the deed to the appellant's husband was unrecorded can not deprive her of her rights. *Sutton* v. *Jervis*, 31 Ind. 265; *Johnson* v. *Miller*, 47 Ind. 376 (17 Am. R. 699). In *Alexander* v. *Herbert*, 60 Ind. 184, it seems to have been held, without reference to our former decisions, or to any authorities, that the destruction of the deed executed to the husband extinguishes the rights of the wife as against a *bona fide* purchaser; but assuming this to be the correct rule, and grantiing that the earlier cases were erroneously decided, still, the rights of the appellant are not affected by the rule, for here there is no *bona fide* purchaser of her interest, and there is a claim through the husband. The title asserted upon the sheriff's deed is grounded upon the assumption that the land was the judgment debtor's, and, as such, subject to seizure and sale. The assertion of title through the sheriff's deed involves the assumption that the owner of the land was the appellant's husband, for the purchaser at a sheriff's sale necessarily asserts that the judgment debtor owned the property sold upon the judgment. In so far, therefore, as the appellee asserts title upon the sheriff's sale, he claims title through the same person through whom the appellant claims, and in doing so asserts title in that person. *Wilson* v. *Peelle*, 78 Ind. 384; *Bennett* v. *Gaddis*, 79 Ind. 347; *Stockwell* v. *State, ex rel.*, 101 Ind. 1. As the parties both claim through the same source, the appellee, in so far as the right grounded on the sheriff's sale is concerned, can not successfully claim to be a *bona fide* purchaser, ignorant of the rights of the wife. He is, it is obvious, in a very different position from one who does not claim through the husband.

A purchaser at a sheriff's sale occupies substantially the same position as if he had purchased the property from the debtor at the same date as that on which the judgment was rendered. *Orth* v. *Jennings*, 8 Blackf. 420; *Doe* v. *Hall*, 2 Ind. 556. The purchaser gets all the interest in the land

that the debtor had at the time the judgment was rendered, but he gets nothing more. *Foltz* v. *Wert,* 103 Ind. 404. In this case, the purchaser at the sheriff's sale obtained the interest of the husband, but not of the wife, and the latter's interest is not, as against such a purchaser, affected by the fact that the deed was not recorded, for the purchaser affirms, as does the wife, that the judgment debtor did have title.

The remaining question is as to the effect of the quitclaim deed executed by Robert E. Davidson and wife to one of the remote grantors of the appellee. The verdict is not very satisfactory upon this point, but enough appears to show that it was executed after Davidson and wife had executed the deed to the appellant's husband, and after the purchaser at the sheriff's sale had taken possession under the deed executed by the sheriff. As this quitclaim deed was executed after the execution of the deed to the appellant's husband, it was executed by grantors who had no title. In our opinion such a deed does not convey even color of title in such a case as the present. We expressly limit our decision upon this point to the case before us, for if the grantee in that deed had bought without notice of Amasa P. Casler's title, an essentially different case would have been presented, but he did not buy without notice. On the contrary, he bought the land at the sheriff's sale as the land of Casler. He, therefore, not only had notice of Casler's title, but that was the title which he bought. The land was sold as Casler's; and as his was bought. The purchaser at sheriff's sale bid for Casler's interest, and that was the interest which he purchased. The title under which the appellee's grantor entered into possession, therefore, comes from the same source as that asserted by the appellant, and the relation occupied by the parties is substantially that of tenants in common; hence the appellee can not assail the common source of title, nor by a release and quitclaim from the grantor of that title destroy his cotenant's title. *Elston* v. *Piggott,* 94 Ind. 14, see p. 26 ; *Phelan* v. *Kelley,* 25 Wend. 389 ; *Braintree* v. *Battles,* 6 Vt. 395 ;

*Funk* v. *Newcomer*, 10 Md. 301; *Burhans* v. *Van Zandt*, 7 Barb. 91; *Rothwell* v. *Dewees*, 2 Black, 613; *Keller* v. *Auble*, 58 Pa. St. 410.   Any other rule would work great injustice, for the wife of the judgment debtor has a right to presume that possession once taken under the sheriff's deed continues to be held under that deed, and to permit the purchaser to secure a quitclaim deed from her husband's grantor and assert that against her would put her at a great disadvantage, since she has no opportunities of knowing that there is any change in the character of the possession in the title under which it is held.   She is not bound to watch, day by day, to see whether some change is made in the character of the possession, or some new claim of title asserted.

The question here is not what would be the effect of a deed actually conveying a new title, for, as the facts appear in the verdict, the quitclaim deed conveyed no title, because the grantor had before conveyed the land to the appellee's husband.   We need not and do not decide what the rule would be if the grantor in a quitclaim deed to a purchaser at a sheriff's sale of the husband's interest had title to convey.

The record is in a confused state, as it appears that judgment was rendered notwithstanding the verdict, and we think that justice will best be done by remanding the case with instructions to award a *venire de novo.*

Judgment reversed.

