KORPORAL ET AL. v. ROBINSON ET AL.

[No. 5,638.  Filed May 29, 1906.]

1. APPEAL AND ERROR.—*Appellate Court Rules.—Waiver.*—A failure by appellant to comply with Appellate Court rule twenty-two is a waiver of an alleged error.  p. 111.

2. DEEDS.—*Description.—Lands Included.*—A quitclaim deed of fifty acres off of the south side of a tract of land includes an eighty-foot strip off of the south side thereof theretofore conveyed to a railroad company "for the purpose of constructing thereon and maintaining a railroad and appurtenances thereto." p. 111.

3. SAME.—*Quitclaim.—Notice.*—A quitclaim deed conveys only the interest of the grantor in the described lands, and is notice to the grantee of a defective title.  p. 113.

4. BOUNDARIES.—*Surveys.—Evidence of Title.*—An official survey by a county surveyor is *prima facie* evidence of the corners and lines so located.  p. 114.

From Grant Superior Court; *B. F. Harness,* Judge.

Suit by Charles Robinson and others against Mary L. Korporal and another. From a decree for plaintiffs, defendants appeal. *Affirmed.*

*A. E. Steele, Simon & Chiles* and *T. B. Dicken,* for appellants.

*St. John & Charles,* for appellees.

MYERS, J.—This is a suit by appellees against appellants to quiet title, and in ejectment, and for damages for the wrongful detention of a strip of land eighty feet wide. The complaint is in two paragraphs, and a general denial to each formed the issues. Trial, finding and judgment for appellees, quieting their title to the land in dispute, giving immediate possession of the same, and adjudging a recovery from appellants of $25 damages.

Overruling appellants' motion for a new trial is the only error assigned. Appellants have waived this error by failing to comply with rule twenty-two, clause five, of 1. the supreme and this court. *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435; *Security, etc., Assn.* v. *Lee* (1903), 160 Ind. 249; *Boseker* v. *Chamberlain* (1903), 160 Ind. 114; *Rush* v. *Kelley* (1905), 34 Ind. App. 449. However, as appellees are not insisting on this advantage, and to some extent have supplied certain omissions in appellants' brief, the controlling question in this case may be considered.

From the record and briefs in this case we learn that on September 4, 1894, Patrick Kiley became the owner of 2. the following real estate in Grant county, Indiana, to wit: The east half of the northwest quarter, and eighteen acres off of the west side of the northeast quarter, all in section sixteen, township twenty-five, range nine east. On September 12, 1894, Patrick Kiley and his wife conveyed by quitclaim deed to the appellant Mary L. Korporal a part of said land described as follows: "Fifty acres of equal width throughout off of the south end of the following described real estate, to wit: The east half of the northwest quarter, and eighteen acres off of the west side of the northeast quarter, all in section sixteen, township twenty-five north, range nine east, containing in both tracts ninety-eight acres, more or less." On May 19, 1880, appellant Mary L. Korporal was the owner of an undivided interest in said real estate first-above described, and on that

date she and her husband, Anthony Korporal, joined with all the other owners of said land in a release and quitclaim deed to the Frankfort, St. Louis & Toledo Railway Company, for a "strip of land forty feet wide on each side of the center of said railroad track, as the same shall be finally located over and across the following described land, to wit," etc. After describing certain lands, including the land described in the Kiley deed, there is this proviso: "Provided, however, that the lands hereby granted shall be used for the purpose of constructing thereon and maintaining a railroad and appurtenances thereto." The consideration stated in this deed was $1. Said railway company accepted said deed and took possession of an eighty-foot strip of land off of the south end of said ninety-eight-acre tract, and constructed a railroad, and have ever since maintained a railroad thereon. On March 8, 1899, Kiley, by warranty deed, conveyed to appellees said ninety-eight-acre tract, "excepting therefrom, however, fifty acres of equal width throughout off of the south end of the above-described real estate, the same being heretofore deeded to Mary L. Korporal." The record further shows that about two years after the deed was executed from Kiley to Mrs. Korporal, an attempt was made to determine the north boundary line of the fifty-acre tract, and certain measurements were made and a fence constructed on what was then supposed to be her north line. Prior to May 1, 1902, this line again became a subject of question, and at the request of appellees, and after the statutory notice had been given appellant Mary L. Korporal, and pursuant to such notice, on May 1, 1902, the county surveyor of Grant county proceeded to make a survey of said lands, and then and there established the corners and line dividing the land of appellants and the land of appellees. Thereafter, and on the line thus established by the county surveyor, a wire partition fence was constructed, appellants building the east half and appellees the west half, and possession of the lands as thus divided

was accordingly taken by the parties. About one year after the building of this fence, and in the night-time, and prior to the bringing of this action, appellants moved the fence last constructed eighty feet north, and took possession of said eighty-foot strip of land, to the exclusion of appellees.

Appellants argue that the eighty-foot strip of land occupied by the railway company ought not to be considered as a part of the fifty-acre tract conveyed to Mrs. Korporal by Kiley, as was done by the surveyor. In our opinion appellants' contention is erroneous. The deed of Kiley to Mrs. Korporal contained no covenants of warranty. It in no manner refers to the land occupied by the railway company. By it Kiley conveyed only such title and interest as he then had in the fifty acres off of the south end of the tracts therein described. *Condit* v. *Maxwell* (1897), 142 Mo. 266, 44 S. W. 467; *Arlington Mill, etc., Co.* v. *Yates* (1898), 57 Neb. 286, 77 N. W. 677; *Nidever* v. *Ayers* (1890), 83 Cal. 39, 23 Pac. 192; *Montgomery* v. *McCumber* (1891), 128 Ind. 374, 377. In the case last cited it is said: "The quitclaim deed only passes the title held by the grantor at the time of the conveyance." Citing authorities.

There is no claim of fraud or deception anywhere in this transaction, and each of the parties to this action is claiming title through the same source. It is agreed that that part of the ninety-eight-acre tract, including the strip occupied by the railway company, and south of the line so established by the county surveyor, contains fifty acres. This being true, and applying the law, as we understand it, to the facts here exhibited, it is unnecessary, in the decision of this cause, for us to determine the character of the title held by the railway company. At the time Mrs. Korporal received her deed from Kiley, the railway company had constructed and was operating its railroad over that portion of the ninety-eight-acre tract by virtue of an instrument in writing, to which appellants were parties, and which in-

strument was duly recorded in the records of deeds of Grant county. The very form of her deed was sufficient to put her upon inquiry as to the character of the title she was thereby receiving, and of itself notice that she was getting only a doubtful title. *Meikel* v. *Borders* (1891), 129 Ind. 529, 533; *Smith* v. *Rudd* (1892), 48 Kan. 296, 29 Pac. 310; *Wright* v. *Tichenor* (1885), 104 Ind. 185.

The facts in this case also show that the line between the land of Mrs. Korporal and appellees was established by the county surveyor of Grant county after due notice to appellant Mrs. Korporal. The parties to this action accepted and acted upon the line so established by building a wire fence thereon. This survey stands unappealed from and in full force and effect, and must be taken at least as *prima facie* evidence of the correctness of the corners so established, as well as the boundary line between their lands. *Main* v. *Killinger* (1883), 90 Ind. 165; *Waltman* v. *Rund* (1887), 109 Ind. 366; *Sinn* v. *King* (1892), 131 Ind. 183; *Hunter* v. *Eichel* (1885), 100 Ind. 463.

It is true, in this action appellees must recover upon the strength of their own title. The uncontradicted facts show that appellees, by virtue of their warranty deed from Kiley, became, and were at the time of the commencement of this action, the owners in fee simple of the entire ninety-eight-acre tract, except fifty acres off of the south end thereof, theretofore conveyed to Mrs. Korporal, and taking the north line of the fifty-acre tract, as located by the county surveyor, as being *prima facie* correct, and it being admitted that the land in controversy lies north of this line,. the facts and the law are with the appellees.

Judgment affirmed.