## BUTSCH ET AL. *v.* SWALLOW.

[No. 11,144.   Filed March 30, 1922.]

1. VENDOR AND PURCHASER.—*Option.*—*Rights of Optionee.*—An option to purchase gives no right of property in that which is the subject of the option, as it is not a sale nor even an agreement for a sale until the privilege given by it has been exercised by an acceptance. p. 106.

2. VENDOR AND PURCHASER.—*Option.*—*Failure to Comply with Terms.*—*Effect.*—Where the holder of an option for the purchase of realty attempted to exercise it by an acceptance which did not comply with all of the terms of the offer to sell, including the time for the exercise of the option and the amount to be paid, the attempted acceptance amounted to a rejection. p. 107.

3. VENDOR AND PURCHASER.—*Option.*—*Failure to Comply with Terms.*—*Evidence.*—Where an option gave the prospective purchasers the right to buy the property on paying the cost of the buildings and the value of the land exclusive of the buildings thereon at the time the option was exercised, the evidence, in an action by the owner for possession, *held* sufficient to warrant a finding by the court that the amount offered by the purchaser when he attempted to exercise the option was not sufficient to comply with the terms thereof. p. 108.

4. VENDOR AND PURCHASER.—*Option.*—*Waiver.*—*Receipt by Optionee of Agreed Amount for Improvements Made by Him.*— Where a contract gave defendant the right to purchase plaintiff's property, which was in defendant's possession, at its market value at the time the option was exercised, and provided that, in event defendant did not exercise his option, he was to be repaid for improvement made on the premises, proof that defendant accepted from plaintiff the cost of improvements on the property by defendant, establishes a waiver of any rights which defendant might theretofore have claimed under the option. p. 109.

5. APPEAL.—*Review.*—*Harmless Error.*—*Admission of Evidence.* —In an action for possession, where a wife claimed that her husband, as her agent, had exercised an option held by both for the purchase of realty which was in their possession, but the trial court properly found that the husband did not in fact exercise the option, the wife was not prejudiced by the admission in evidence against her of a notice to quit, even though it was incompetent. p. 109.

From Vanderburgh Probate Court; *Elmer Q. Lock-year,* Judge.

Action by Clarence B. Swallow against Jacob W. Butsch and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Daniel H. Ortmeyer,* for appellants.

*John W. Spencer* and *John W. Spencer, Jr.,* for appellee.

ENLOE, J.—This was an action by the appellee against the appellants, upon a complaint in two paragraphs. In the first paragraph appellee sought to recover possession of certain described real estate, and damages, for the alleged unlawful detention thereof. The second paragraph was the usual complaint to quiet title. The answers by appellants to said first paragraph of complaint were, (1) A general denial; and (2) an affirmative paragraph alleging that they were in possession of said real estate under a contract for the purchase of the same. Various allegations of this paragraph of answer need not be herein set out. Attached to said paragraph of answer as an exhibit was the alleged contract under which the appellants were claiming a right in and to said property. To said paragraph of answer the appellee replied first by general denial and second by alleging matter in avoidance.

To the second paragraph of complaint the appellants answered first by general denial, and second, an affirmative answer wherein they alleged that they were the equitable owners of said real estate by reason of certain facts in said answer alleged. To this paragraph of answer appellee replied first by general denial and second by pleading matter in estoppel.

The cause was submitted to the court for trial and resulted in a finding in favor of the appellee, that he

was the owner of the premises in question and entitled to the immediate possession thereof and awarding him damages in the sum of $84 as for the wrongful detention thereof by appellants, and also quieting his title thereto as against any claims of the appellants herein.

The appellants filed separate motions for a new trial. The appellant Jacob W. Butsch assigning as reasons therefor, that the decision of the court was not sustained by sufficient evidence, and was contrary to law; and the appellant Carrie L. Butsch assigning in her motion the additional cause that the court erred in admitting in evidence a certain exhibit therein specified. These motions were overruled with separate exceptions to the appellants, after which this appeal was duly prosecuted. The appellants have separately assigned as error the overruling of their separate motions for a new trial.

It appears from this record that in 1913, the appellee was the owner in fee of the lands described in his complaint herein subject to the life estate of his father; that under a verbal agreement between the parties hereto, the appellee furnished the money to appellant Jacob Butsch, in the sum of $1,600 for the erection of a dwelling house on said premises and that by arrangement between the parties the appellants entered into possession of said property and began living therein. It further appears that on September 1, 1916, the parties hereto signed the following written instrument, which was afterward duly acknowledged and placed of record in the recorder's office of said county, and which instrument is "Exhibit A" to appellant's said third paragraph of answer and is as follows,—

"This agreement witnesseth that whereas Clarence B. Swallow, Widower, of Vanderburgh Co. State of Indiana has furnished money to the amount

of Sixteen Hundred Dollars and with said money Jacob Butsch erected a dwelling on the land of Clarence B. Swallow, being described approximately as a strip off of the west end of Lot No. Four (4) of Olmstead's Sub. of part. sec. 17-6-10 Vanderburgh County, State of Indiana, being a parallelogram having a frontage of 114 feet more or less on Olmstead Ave.; and whereas the said Clarence B. Swallow, at the time said dwelling was erected (in 1913) could not convey the aforementioned real estate, by reason of his late father having a life interest in said property; but it was the verbal agreement that Jacob and Carrie Butsch, husband and wife, were to pay to the said Clarence Swallow a monthly payment on the above mentioned property and dwelling of Twelve Dollars a month and have the use of said property. At the end of five years expiring September 1, 1918, should the said Jacob and Carrie Butsch decide to buy said property they were given the option to purchase the same from the said Clarence B. Swallow his heirs or assigns, and in that event the value of the above described real estate shall be determined at the date just named, by what other property in the adjacent locality is being sold for, and the accrued market value of the real estate herein described shall be added to the $1600, invested in the building by the said Clarence B. Swallow, and the said Jacob and Carrie Butsch are to have the option to purchase said property at such price. The said verbal agreement and option are hereby confirmed.

"It is further agreed that in the event the said Jacob and Carrie Butsch shall not purchase the property, the said Clarence B. Swallow, his heirs or assigns shall pay the said Jacob and Carrie Butsch, their heirs or assigns the costs of all additional improvements erected or constructed thereon, such as barn, outbuildings, walks, and for repairs to the improvements on said property and for insurance thereon; and he shall reimburse all money paid by them in excess of the twelve dollars a month paid by them.

"In Witness Whereof, the said Clarence B. Swallow and Jacob and Carrie Butsch, have signed this in duplicate this first day of September, 1916."

It further appears from this record that the owner of the life estate in and to said property died in January, 1915.

It is contended by the appellants that under the provisions of said agreement and upon the undisputed facts in evidence in this case that they are the equitable owners of the property in question, that they are and were at the time of the trial of this case rightfully in possession of said property and that therefore the decision of the court in this case is not sustained by sufficient evidence and is contrary to law. This contention requires a consideration of said contract.

It will be noted that the only positive agreement on the part of appellants set forth in said contract was "to pay to the said Clarence Swallow a monthly payment on the above mentioned property and dwelling, of twelve dollars a month and to have the use of said property." Reading the said instrument from its four corners, it is clear to our minds, that this payment was simply as and for rental of the property. The contract in question gives to the appellants an option to purchase the same at the end of the five year period therein specified at and for the sum and price of $1,600 (the cost of said dwelling house), plus the value of the real estate exclusive of the house measured by "what other property in the adjacent locality is being sold for," which we interpret to mean for a reasonable cash market value of said real estate at the time said option should be exercised, to wit, September 1, 1918.

The appellant Jacob W. Butsch among other things testified that in March, 1918, he offered appellee $2,100 for this property, that being $500 for the land, that about September 1, 1918, he had a conversation with the appellee and offered him $2,200 for the property, that appellee refused each of said offers as not being sufficient in amount; that at the time the first offer was

made appellee wanted $2,600 for the property and at the time of the second offer he wanted $2,700.

The appellants insist that when they went to the appellee and informed him that they desired to avail themselves of the option and purchase the property that their rights then and there became fixed; that their declaration to appellee of such intention gave them an equitable interest in this property and that the matter of fixing the amount to be paid was a matter of future determination.

It has been many times held that an option to purchase gives no right of property in and to the thing which is the subject of the option. It is not a sale. It is not even an agreement for a sale. At most it is but a right of election in the party receiving the same to exercise a privilege, and only when that privilege has been exercised by an acceptance does it become a contract to sell. *Hopwood* v. *McCausland* (1903), 120 Iowa 218, 94 N. W. 469; *Caldwell* v. *Frazier* (1902), 65 Kans. 24, 68 Pac. 1076. In *Stembridge* v. *Stembridge, Admr.* (1879), 87 Ky. 91, 7 S. W. 611, it was said: "But where, as in this case, the contract invests one party with no title whatever, imposes no obligation upon him, leaves it optional with him to do a certain thing at a specified time, in such a case, time, in the broadest sense of the rule, is of the essence of the contract, and the failure of the party to comply with its terms deprives him of the right to demand the enforcement of the contract."

In *Potts* v. *Whitehead* (1865), 23 N. J. Eq. 512, in discussing an option agreement the court said: "A mere proposal or offer to sell cannot become an agreement to sell without being accepted. * * * An acceptance to be good must of course, be such as to conclude an agreement or contract between the parties. And to do this it must in every respect meet and corre-

spond with the offer, neither falling within nor going beyond the terms proposed but exactly meeting them at all points and closing with them just as they stand."

Many authorities are there cited as supporting the rule thus announced. In *Minneapolis, etc., R. Co.* v. *Columbus, etc., Co.* (1886), 119 U. S. 149, 30 L. Ed. 376, it was said: "As no contract is complete without the mutual assent of the parties, an offer to sell imposes no obligation until it is accepted according to its terms. So long as the offer has been neither accepted nor rejected, the negotiation remains open and imposes no obligation upon either party; the one may decline to accept, or the other may withdraw his offer; and either rejection or withdrawal leaves the matter as if no offer had ever been made. A proposal to accept, or an acceptance, upon terms varying from those offered, is a rejection of the offer, and puts an end to the negotiation, unless the party who made the original offer renews it, or assents to the modification suggested. The other party, having once rejected the offer, cannot afterward revive it by tendering an acceptance of it." See also, *Henry* v. *Black* (1906), 213 Pa. 620, 63 Atl. 250.

As hereinbefore said, appellee's offer to appellants as contained in said writing, was that he would sell said property for $1,600 (cost of house) plus the fair cash value of the land, and the question now arises whether the alleged acceptance of the appellants measures up to and fills the requirement of the law as stated in the foregoing authorities; was the offer of $500 or even of $600 an offer to pay the full and fair cash value of said land? This was one of the questions which the trial court had to decide. We note that three witnesses testifying in behalf of appellants placed the value of this land at from $450 to $500. We also note that witnesses testifying for appellee placed values on said land ranging from $912 to $1,140. If

the land in question was at the time in question, worth in the neighborhood of $1,000 it could hardly be said that an offer to buy the same at a valuation of $500 or $600 came within the terms of the offer to sell as contained in said contract between the parties. Not being an acceptance of the offer to sell as made by the said appellee it amounted in law, under the authorities before mentioned, to a rejection of the original offer or option and to a counter proposal or offer to buy and which proposal was without any legal force or effect unless the same was accepted, and in this case there is no contention that such counter proposal was accepted.

It is contended by the appellants that the alleged acceptance by said Butsch was for and on behalf, not only of himself but of his wife, the other appellant herein and that by reason thereof she also acquired an interest in said land. If Jacob W. Butsch was acting on behalf of himself and agent of his wife in attempting to make said acceptance it necessarily follows that said acceptance so attempted to be made on behalf of the wife if the same fell short of the requirements of the law and therefore became in law a rejection of said proposal or offer to sell such rejection was the rejection of the appellant Carrie L. Butsch and she was in the same situation as her husband, and if he by reason of the said alleged acceptance acquired no interest in said property legal or equitable she likewise acquired no interest therein.

To our minds the trial court, under the evidence, was well justified in finding that the alleged acceptance was not in accordance with the original offer, and therefore did not amount to an acceptance and this being true neither of the appellants could have any interest legal or equitable in and to the property in question based upon such alleged acceptance.

It will be further noted that said contract further

provides that, in the event the appellants should not purchase the property, that the appellee should pay to the appellants the cost of any and all additional improvements or betterments constructed thereon, such as barn or outbuildings and their repairs during said five-year period. It is alleged in appellee's reply that long after the expiration of said five-year period the appellee and appellants had an accounting of the moneys so spent by appellants and agreed upon the amount so spent, and that thereupon appellee paid to appellants, and appellants accepted, the money so agreed upon as due them on said account in full and final settlement in that behalf, and that appellants at that time agreed that they would quit and deliver up said property to the appellee on September 1, 1920. There was evidence tending to establish the facts so pleaded. Independent of the question as to whether the alleged acceptance was sufficient, the evidence offered under this paragraph of reply tends to show an express waiver and renunciation by the appellants of any rights which they might theretofore have claimed under said option contract.

The appellant Carrie L. Butsch in each and all matters which she herein claims were done on her behalf and for her benefit was represented by her co-appellant, her husband, as her agent, and if she by and through her husband as her agent expressly renounced any and all claims under said option contract and agreed to quit and deliver up possession of said premises September 1, 1920, she was in no way prejudiced by the admission in evidence of "Exhibit No. 3," the same being notice to quit.

We find no error in this record. The judgment is affirmed.