HAROLD M. COONS ET UX *v.* SCHULER P. BAIRD ET UX.

[No. 470A57. Filed December 23, 1970. Rehearing denied February 5, 1971. Transfer denied September 2, 1971.]

*William M. Evans, Bose Buchanan McKinney & Evans,* of Indianapolis, *John A. Cody, Jr.,* New Albany, for appellants.

*Homer D. Smith, Samuel K. Gwin, Smith Hess & Riggle,* of Jeffersonville, for appellees.

SULLIVAN, J.—The action below was brought by appellants-Coonses to quiet title to a certain place of real estate in Clark County. The defendants-appellees Bairds counterclaimed for identical relief as to the same real estate. A diagram of the premises is deemed appropriate to a total understanding of the claims made.

The three separable parcels can be more particularly identified as follows:

*Parcels A and C* are the 2.75 acres which were the subject of a warranty deed from the surviving wife of the original entireties owners to the Bairds.

*Parcel B* is the .5 acre tract which was the subject of a lease from the Ettels, the original owners to Shell Oil Company.

*Parcels B and C* were subject to an option to purchase granted Shell Oil Company by virtue of the lease and amendments thereto.

*Parcel C* is the real estate title to which is here contested.

On March 23, 1956, Henry C. Ettel and Dorothy J. Ettel, husband and wife, owned a 3.25 acre tract in Clark County, Indiana. On that date, the Ettels leased a portion thereof comprising .5 acre to Shell Oil Company, for a period beginning upon the completion of construction of a service station upon the premises and running for 180 calendar months. The lease provided for two five year extensions. Various articles of the lease granted Shell Oil an option to purchase the .5 acre, granted them the right to at any time assign the lease or to sub-lease all or any part of the leased premises, and provided that the lease was binding upon the successors and assigns of both lessor and lessee.

On June 4, 1956, by written agreement the lease was amended to grant Shell Oil the option to purchase not only

the .5 acre covered by the lease, but also that portion of the real estate owned by Ettels which is designated as Parcel C in the diagram and which is the subject of controversy here.

On April 24, 1957, yet another agreement was made amending the lease whereby Parcel C of the optioned lands was made subject to a twelve foot easement to provide ingress and egress to landlocked Parcel A.

On October 11, 1963, Dorothy Ettel, described as the unremarried widow of Henry Ettel, deceased, conveyed the 3.25 acre tract by warranty deed to the appellees Bairds excepting therefrom the .5 acre tract under lease to Shell Oil. The deed contained a provision making the conveyance subject to the option of Shell Oil to purchase Parcel C.

On March 10, 1967, Shell Oil assigned its lease, as amended, to the Coonses to which assignment Mrs. Ettel consented in writing.

On March 31, 1967, Mrs. Ettel conveyed the .5 acre tract by warranty deed to the Coonses subject, however, to the "option to purchase of Shell Oil Company". On the same date Mrs. Ettel also executed to the Coonses a quitclaim deed whereby she apparently intended to convey Parcel C. The quitclaim conveyance was made subject to the aforementioned easement and was made specifically subject to Shell Oil's option to purchase. Thereafter, on January 4, 1968, Mrs. Ettel executed an instrument designated "Deed of Correction" whereby she quitclaimed to the Coonses Parcel C, the real estate here in controversy.

The foregoing are the only material facts of record and they are established solely and exclusively by uncontroverted documentary evidence.

The trial court awarded title to the contested real estate to the Bairds. In its judgment entry, the court set forth its reasons for such decision as follows:

"The Court further finds that there is no evidence that Shell Oil Company or the plaintiffs Harold M. Coons and Mar-

garet R. Coons, his wife, did anything toward the exercise of the option to purchase, and the Court in this proceeding, must, therefore, presume that no such steps were taken.

"The Court further finds that when the plaintiffs, being the owners of Shell's lease, acquired the title to the leased premises, that is, the one-hald (sic) (½) acre tract, the lease and the title merged and thereupon the lease ceased to exist. That the option leasted (sic) only during the term of the lease."

Since this is a quiet title action the merit of appellants' position necessarily depends upon the strength of their own legal title to the contested land. *Sabinske* v. *Patterson* (1935), 100 Ind. App. 657, 196 N. E. 539. Appellants argue that the fact that the real estate was conveyed by Mrs. Ettel to them shows an exercise of the option; that the form of the conveyance, i.e., quitclaim, is immaterial; that the manner of the exercise of the option, i.e., "presumably oral", is immaterial; that as subsequent grantees, the Bairds were bound by the option and that their interest was subordinate to that of the Coonses; that the option was a convenant running with the land (a principle with which neither appellees nor this court quarrels); and, that the option was exercised within the lease term.

The question here presented is a relatively uncomplicated one but under the facts of record is one which has never heretofore been decided in Indiana.

Our examination of the record in this appeal leads us to the conclusion that the option provided within the lease assigned to appellants was never exercised. It is the contention of appellants that the option was conclusively shown to have been exercised merely from the fact that the Federal documentary stamps affixed to the *warranty* deed represents payment of the option price, $35,000, and the fact that the Ettel conveyance to appellants was made indicates completion of the transaction. Such conclusive inference is not warranted by the facts. It must be noted that the warranty deed to which the stamps were attached does not pur-

port to convey the real estate here in question. It is difficult, therefore, for us to assume that the consideration paid for the real estate embranced within the warranty deed was related to or was intended to also constitute consideration for conveyance of the real estate in dispute. The sole evidence that such consideration was equal to the option purchase price was the total amount reflected by the documentary stamps affixed to the deed.

There are various factors which militate against a finding that the Coonses exercised the option granted to Shell Oil.

First, the record does not disclose that there was notice by the Coonses of the exercise of such option as required by Clauses 9 and 11 of the lease. Clause 9 provides that: "At any time during the original term of this lease or any extension thereof or any tenancy thereafter, Shell shall have the option to purchase * * * which option Shell may *exercise by notice to Lessor*". (Emphasis supplied) Clause 11 sets forth the steps required to perfect title transfer by warranty deed pursuant to an exercise of the option granted by Clause 9. The record does not show that such requirements were met or were waived by lessor.[1] It is the notice which, in fact, constitutes exercise of an option. The giving of proper notice at the appropriate time is required to constitute a valid exercise of option. See 3 *Thompson on Real Property*, Sec. 1154, (1959 Repl.). The record is totally silent on this point which fact explains appellants' reliance upon a "presumably" oral exercise of the option.

As stated in *Butsch* v. *Swallow* (1922), 78 Ind. App. 101, 106, 134 N. E. 877:

"It has been many times held that an option to purchase gives no right of property in and to the thing which is the

---

1. Clause 10 of the lease constitutes a "first refusal" option but concerns only the "premises", i.e., the .5 acre under lease or "any property which includes all or part of the premises". The contested area was not under lease nor was any portion of the leased premises included in the real estate conveyed by warranty deed to the Bairds. Therefore, said Clause 10 has no relevance to the matter here considered.

subject of the option. It is not a sale. It is not even an agreement for a sale. At most it is but a right of election in the party receiving the same to exercise a privilege, and only when that privilege has been exercised by an acceptance does it become a contract to sell. * * *"

And as noted in *Bandy* v. *Myers* (1967), 141 Ind. App. 220, 223, 227 N. E. 2d 183, quoting from 25 I.L.E. *Sales of Realty,* § 2:

  "* * * By an option the owner does not sell his property, but he does subject himself to the liability of having to convey the property *if the option is exercised within the time and in the manner stipulated. * * *"* (Emphasis supplied)

Secondly, the terms of the lease with reference to the option require conveyance of the optioned premises by warranty deed, whereas Parcel C here was the subject only of a quitclaim deed from Ettel to the Coonses.

Third, both the warranty deed to the Coonses of the .5 acre tract and the subsequent quitclaim deed and Deed of Correction Parcel C all specifically were made subject to the Shell Oil option, thus indicating that the quitclaim deed and Deed of Correction under which Coonses make their claim here were not thought to be or intended to be a consummation of an exercised option.

Accordingly, if appellants are to succeed they must do so not upon any rights or interests obtained by reason of an option to purchase but rather solely upon the strength of the instruments and conveyances introduced as exhibits in the trial court.

In actions of this kind the claimant must recover upon the strength of his own title. *Sabinske* v. *Patterson, supra,* at page 664.

Divorced of extraneous considerations and legal rhetoric, the question is very simply, who, on the date of judgment below owned legal fee simple title to the real estate in question. Only three events bear upon resolution of this question:

(1) the warranty deed from Ettel to Bairds dated October 11, 1963, recorded the same date, which conveyance included the contested real estate; and, (2) and (3), the quitclaim deed of March 31, 1967, and the Deed of Correction of January 4, 1968, from Ettel to the Coonses likewise including the contested real estate.

That a quitclaim deed conveys only the estate or interest held by grantor at the time of its execution, is a principle so well established as to broach no argument. It is equally established that such a conveyance executed after the grantor has parted with title vests no interest or title in the quitclaim grantee. *Sabinske* v. *Patterson, supra; Sullenger* v. *Baecher* (1913), 55 Ind. App. 365, 100 N. E. 517. Such deed does not even convey color of title. *Wright* v. *Tichenor* (1885), 104 Ind. 185, 3 N. E. 853.

There is an exception to the above rule when a grantee is a bonafide purchaser for value without actual or constructive notice of the rights of third persons. *Sullenger* v. *Baecher, supra*. Such exception does not benefit appellants here for the reason that the prior warranty deed from Ettel to appellees Bairds was of record. The recording statute, being 1 R.S. 1852, ch. 23, § 16, as amended and as found in Ind. Ann. Stat. § 56-119, (Burns' 1961 Repl.), is dispositive of this point. It provides, in part, as follows:

> "Every conveyance or mortgage of lands or of any interest therein, and every lease for more than three [3] years, shall be recorded in the recorder's office of the county where such lands shall be situated; and every conveyance, mortgage or lease shall take priority according to the time of the filing thereof, * * *"

Additionally, the very form of the deed from Ettel to the appellants was sufficient to put them upon inquiry as to the character of the title they were receiving. The quitclaim was of itself indicative that they were getting doubtful title at best. *Korporal* v. *Robinson* (1906), 38 Ind. App. 110, 78 N. E. 84.

It is clear that on March 31, 1967, and of course on January 4, 1968, appellants' grantor Mrs. Ettel owned no interest in the subject real estate having previously, on October 11, 1963, conveyed fee simple title thereto by warranty deed to the Bairds.

It cannot be emphasized too strongly that the action appealed from was, on the part of both parties, an action for and a counterclaim for quieting title.

Accordingly, we do not decide the rights or liabilities, if any, which might or did exist if asserted in any other action or demand for relief. Even were we so inclined, the original owner-lessor-optionor-grantor, Ettel is not a party to this cause. The rights of all concerned could not, therefore, be here adjudicated.

Demonstrative, however, of judicial review of an almost identical fact situation but framed within a different theory of recovery is *Schoonover* v. *Kahn* (1964, Mo. App.), 377 S. W. 2d 535. There it appeared that the lease gave plaintiff an option to purchase the premises at any time during the term; that at a time when the rent was paid in full lessors ordered plaintiff to vacate the premises, since they had sold them. Rejecting the contention that plaintiff never tried to exercise the purchase option in the lease, and that he should have enforced it against the purchasers of the property, the court pointed out that defendants, by selling the premises, had made it impossible for them to "perform under the option", that while it was possible that plaintiff might have secured specific performance from the purchasers, the fact that defendants had made it impossible to honor the option rendered them liable to plaintiff in damages; and that the latter was not required to seek relief from the purchasers for defendants' breach of covenant, but could sue defendants directly for damages.

See also *Kolling* v. *Martin* (1941), 109 Ind. App. 184, 33 N. E. 2d 808; *Guaclides* v. *Kruse* (1961, N.J. App.), 170 A.

2d 488; *Wallach, Inc* v. *Toll* (1955), 381 Pa. 423, 113 A. 2d 258; and *Lester* v. *Hutson* (1916 C.A. Tex.), 184 S. W. 268.

We now, therefore, hold that appellants did not at the time of judgment below own, to the exclusion of appellees, fee simple title to the real estate in controversy. Conversely, we hold that appellees did at such time own fee simple title to the real estate and to the exclusion of appellants.

The judgment and decision below is affirmed.

Lowdermilk, C.J., Carson and Lybrook, JJ., concur.

NOTE.—Reported in 265 N. E. 2d 727.