Frederick **THEOBALD** and Julia F. Theobald, Appellants-Plaintiffs,

v.

Norris **CHUMLEY**, Guthrie Farm Center, formerly Mac's Grain Supply, Mary Ellen Chumley, Individually and as Executrix of the Estate of Ruth Buskirk, Deceased, and the Estate of Ruth Buskirk, Appellees-Defendants.

No. 1–280A47.

Court of Appeals of Indiana, First District.

Aug. 19, 1980.

Peter G. DePrez, J. Bradley Schooley, Terry, Robison & DePrez, P. C., Shelbyville, for appellants-plaintiffs.

Don Hubert Wickens, W. Michael Wilke, Greensburg, for appellees-defendants.

ROBERTSON, Presiding Judge.

Frederick and Julia F. Theobald (Theobald) appeal the decision of the trial court which granted specific performance of a real estate option contract to the Estate of Ruth W. Buskirk. We affirm.

The somewhat convoluted facts reveal that Theobald entered into a real estate option agreement in November, 1972, with Kathryn Compton and Ruth Buskirk. Buskirk later acquired the interest of Compton. The option, given by Compton and Buskirk, provided that Theobald would receive approximately six (6) acres and cash, and in exchange, Theobald would convey 20.96 acres to Ruth Buskirk. The option contained the conditions that it was to expire after ninety (90) days; that Buskirk would pay $300.00 per acre for the additional land she would receive after the equal amounts were conveyed between the parties; and that Theobald would bear the expense of a legal survey to obtain the proper legal descriptions of the property to be conveyed.

Theobald had the legal survey prepared in January, 1973, at which time he told one Mary Ellen Chumley that he was exercising the option. Mary Ellen Chumley was the attorney-in-fact for Ruth Buskirk. Theobald also informed Chumley's attorney that the option was being exercised. According to the agreement, the option could be exercised either in person or in writing.

The survey that Theobald had prepared called for a conveyance of approximately two (2) to three (3) more acres than was provided for in the option agreement. The warranty deed drawn up by Theobald's attorney also reflected this increase. The deed was apparently never delivered, but was left with Mrs. Chumley's attorney with instructions to attempt to resolve the difference in acreage. The difference was never resolved, and Theobald filed suit on August 21, 1974, for crops that were removed from the 20.96 acres which was farmed that year by the optionors. The complaint was amended on October 31, 1975, to add additional parties. Defendants answered and included various motions to dismiss and a cross-claim for specific performance of the option contract.

Trial was before the court, which made findings of fact and conclusions of law. The trial court ordered that Theobald take nothing by way of the complaint, and that the Estate of Ruth W. Buskirk was entitled to specific performance of the option contract.

The sole issue on appeal, as stated by Theobald, is whether the trial court erred in concluding that the real estate option agreement of November, 1972, was effectively exercised.

We first note that when findings of fact and conclusions of law are submitted by the trial court, the court on appeal shall not set aside the judgment unless it is clearly erroneous. Ind.Rules of Procedure, Trial Rule 52; *Lawrence v. Ball State University Bd.,* (1980) Ind.App., 400 N.E.2d 179; *Indiana Motorcycle Assn. v. Hudson,* (1980) Ind. App., 399 N.E.2d 775.

The essence of Theobald's argument is that because the alleged exercise of the option did not conform in every respect to the option agreed upon, there was no effective exercise, and therefore, the option lapsed after the ninety day period expired. Theobald asserts that there can be no effective exercise of the option unless it meets and corresponds with the offer in every respect, meeting on all points. *See Gerardot v. Emenhiser,* (1977) Ind.App., 363 N.E.2d 1072. It is generally agreed that the optionor only subjects himself to liability to convey the property if the option is exercised within the time and in the manner stipulated. *Bandy v. Myers,* (1967) 141 Ind.App. 220, 227 N.E.2d 183 and cases cited therein; 25 I.L.E. *Sales of Realty* § 2 (1960); *Coons v. Baird,* (1970) 148 Ind.App. 250, 265 N.E.2d 727.

Although these cases are instructive on the exercise of an option, by the optionee, they are not determinative in this instance. *Gerardot, supra,* dealt with the payment of a broker's commission before there was any contract. The court there determined that the broker could not recover since there was no contract in existence at the time and since sellers response was not identical to his offer. In *Bandy, supra,* and *Coons, supra,* it was the optionee who was attempting to enforce the option. Here, it is the optionor who wants specific performance of the bargain.

■ There are basically two steps necessary to exercise an option to purchase. First, the decision to purchase must be made by the optionee under the terms of the option, and second, the decision must be communicated to the optionor within the life of the option. *Doolittle v. Fruehauf Corp.,* (1976) Fla.App., 332 So.2d 107. The reason why courts are strict in requiring an option to be exercised specifically as to its terms and within the specified time, is because of the power that the optionee exercises over the eventual formulation of a contract. Consequently, since the optionee is the sole party capable of consummating the option, courts require strict adherence to the option's terms, when the optionee is attempting to enforce the option. Thus, the requirement that it meet and correspond with the option in accordance with the option's terms. *See Gerardot, supra; J. R. Stone Co., Inc. v. Keate,* (1978) Utah, 576 P.2d 1285 (optionee giving less than required by option amounts to only a counter offer, which the optionor can either accept or reject.)

■ The facts of this case, however, present a different situation. In most cases where specific performance is sought, it is the *optionee* who is attempting to specifically enforce an option in which the optionee's response either seeks more or gives less than that agreed in the option itself. Such is not the case here. In this case, the *optionor* is attempting to enforce the specific bargain agreed to in the option contract. Upon the communication by Theobald that the option would be exercised, the optionors acquired an expectancy interest that the option, as agreed to, would be exercised. By his communication, which was as provided for in the agreement, Theobald accepted the offer. At that time the contract was enforceable. The legal survey that Theobald was required to obtain was necessary merely to properly convey the exchange of lands. Optionors had no reason to expect that the survey would contain any lands other than those described in the option. We believe the effect of the survey, by including additional acreage, was to merely make an offer as to the amount over that agreed to in the option agreement, which could be rejected or accepted by the optionors, but which did not effect the validity of the acceptance of the original option.

Although we find no Indiana case law directly on point, and precious little in other jurisdictions, we believe this to be the fair

and equitable result. An acceptance may be valid despite conditional language if the acceptance is clearly independent of the condition. *Ardente v. Horan,* (1976) 117 R.I. 254, 366 A.2d 162. In *Ardente,* the court noted that Professors Williston and Corbin have stated the rule that:

> Frequently an offeree, while making a positive acceptance of the offer, also makes a request or suggestion that some addition or modification be made. So long as it is clear that the meaning of the acceptance is positively and unequivocally to accept the offer whether such request is granted or not, a contract is formed. 1 Williston, *Contracts* § 79 at 261–62 (3d ed. 1957).

366 A.2d at 165; 1 A. Corbin, *Contracts* § 84 (1963). *See also Katz v. Pratt Street Realty Co.,* (1970) 257 Md. 103, 262 A.2d 540. In *Kidd v. Early,* (1976) 289 N.C. 343, 222 S.E.2d 392, the Supreme Court of North Carolina, in an action brought by the optionors for specific performance of realty declared: "To hold that an optionee invalidated his option by making a counter proposal would seriously undermine the value of the option agreement." 222 S.E.2d at 404. Although that case involved negotiations during the option period, we think the same result should be reached here.

Theobald had a deed prepared which purported to convey more land than described in the option agreement. Theobald also communicated to two different persons that the option was going to be exercised, and this statement occurred within the ninety day period. The two requirements of *Doolittle, supra,* for the exercise of the option were satisfied. The pronouncement by Theobald that he was exercising the option, also satisfies Professors Williston's and Corbin's requirement that the acceptance be clear and unequivocal. His statement was a positive acceptance of the offer. Additionally, although the testimony was conflicting on many points, we cannot say that the findings of fact and conclusions of law reached by the trial court were clearly erroneous. Therefore, we hold that when Theobald communicated his intent to exercise the option, the contract was consummated and binding upon both parties, and that the additional acreage included in the warranty deed prepared by Theobald amounted to only an offer that could be either accepted or rejected by the optionors.

Finding no error in the proceedings below, the judgment is affirmed.

Judgment affirmed.

NEAL and RATLIFF, JJ., concur.