## LOSS FROM CLOGGING UP OF A SEWER.

Court of Appeals for Hamilton County.

CITY OF NORWOOD v. THE GOBRECHT-GEYER COMPANY.

Decided, March 15, 1913.

*Municipal Corporations—Not Liable for Damage from Water Backing Up Through Sewer, When.*

There can be no recovery from a municipality on account of the flooding of a basement or cellar by reason of the obstruction of a sewer, where notice of the obstruction is not shown and no negligence appears in the construction, maintenance or care of the sewer.

*H. E. Engelhardt,* City Solicitor of Norwood, for plaintiff in error.

*Albert H. Morrill* and *H. C. Bolsinger,* contra.

JONES, O. B., J.; SWING, J., and JONES, E. H., J., concur.

This action was for the recovery of damages to goods and furniture of plaintiff stored in its basement caused by the backing up of water from the city sewer, brought about by the stopping up or obstruction of the sewer on two separate occasions.

The amended petition sets out a charge of negligence in the following language:

"This defendant carelessly and negligently allowed said sewer to become clogged and stopped up and failed to properly inspect said sewer and keep the same in repair, open and in working order."

There is no allegation of defective or improper construction, or of failure on the part of the city to remove the obstructions when brought to its notice.

Counsel for defendant in error however claim that by virtue of Section 11363, General Code, under the evidence produced at the trial plaintiff below might even now have its amended petition amended to conform to the evidence and that the evidence shows such faulty construction and failure to properly maintain and inspect this sewer on the part of the city as to entitle it to recover.

It may well be doubted whether the statute referred to would now permit the amendment of the petition after defendant's motion for an instructed verdict and the overruling of its motion for a new trial and the judgment below, even if the evidence would make out plaintiff's claim. But we do not find that the evidence sustains the contention of defendant in error.

On the contrary the only claim of anything faulty or improper in the construction of this sewer is the fact that a ten-inch pipe enters a manhole from which the outflow is an eight-inch pipe, but the uncontradicted testimony of the city engineer who planned the sewer shows that, because of the difference in the grades at which the two pipes are laid, the one carries off the sewage as fast as the other delivers it and that the construction of the sewer was in all respects a proper one. The evidence also shows that this sewer had the usual inspection, and that the flooding was on both occasions caused by such an obstruction of sticks, leaves, etc., as might occur in any sewer no matter what its construction; that the city had no notice actual or constructive of the obstructions until the damage had occurred, and immediately upon receiving such notice it proceeded promptly to remove them, and as to the second flooding the evidence from the government records shows a very unusual rainfall.

We therefore find no evidence of negligence on the part of the city, either in construction, maintenance or care of this sewer, and the court below erred in not instructing a verdict for defendant. The judgment below will be reversed and judgment entered here for plaintiff in error.