■ SAMUEL DI MARIA, Respondent, v HELEN MICHAELS, Appellant. — Judgment unanimously affirmed, without costs. Memorandum: On November 1, 1979 appellant Helen Michaels and respondent entered into a five-year lease agreement with respect to premises owned by her. One of the terms of the lease

was as follows: "The parties further agree that the parties of the second part herein shall have first option to buy said premises at a price to be agreed upon in the event the party of the first part places the premises for sale." Learning that appellant had contracted to sell the premises to a third party for $14,000, respondent notified her of his intention to exercise the option to purchase and instituted this action. He was subsequently granted summary judgment enjoining Michaels from conveying the property to the third party, ordering her to grant respondent a first option to purchase the premises and, upon respondent's tender of $14,000, to deliver a deed to the premises. Michaels appeals, contending that the agreement is unenforceable because the language "at a price to be agreed upon" contained in the option clause indicates that a material term is left for future negotiations and thus the option must fail for indefiniteness. As a general rule option agreements have been held unenforceable for lack of definiteness of an essential term if the parties fail either to provide for a specific price to be paid or to specify a practical mode by which the price can be determined with certainty (see *Martin Delicatessen v Schumacher*, 52 NY2d 105; *Marinas of Future v City of New York*, 87 AD2d 270; Ann., 2 ALR3d 701). In *Martin Delicatessen v Schumacher* (*supra*), relied on by appellant, an option for renewal of a lease was held invalid where the rental price was "to be agreed upon" between the parties because an essential term was absent from the contract. The court went on to note (p 110), however, that "if a methodology for determining the rent was to be found within the four corners of the lease" or if it "invited recourse to an objective extrinsic event, condition or standard on which the amount was made to depend" the agreement would not have failed because "what can be made certain is certain". Appellant urges that the option here must fail for it neither sets forth a specific price term nor refers to an objective extrinsic standard by which a price term may be ascertained (cf. *Cortese v Connors*, 1 NY2d 265). That argument overlooks the fact that the term "first option to buy" is a term of art, which implies that the price term is to be determined by the price at which the lessor offers the property to a third party (see Ann., 2 ALR3d 701, 710-711; *Jurgensen v Morris*, 194 App Div 92; *Klein v Brodie*, 167 Mont 47, and cases cited therein). The language of the option agreement here expresses an intent by the parties to create a "first option to buy" or pre-emptive right in the lessee. Such option is a valuable property right: "the principal purpose of a first option to purchase is to protect the lessee's interest in continued possession of the premises by assuring him of an opportunity to purchase the premises before they are sold to anyone else. A subsidiary purpose is to encourage the lessee to make improvements upon the premises which he might not otherwise make." (3A Warren's Weed, NY Real Property [4th ed], Options, § 3.04.) Thus the term "first option to buy" has a technical meaning, viz., that the lessor, upon receiving an acceptable offer for the property from a third party, must offer the property to the lessee upon the same terms. Employing that construction, we must then read the other term of the option clause which provides that the "price is to be agreed upon in the event the lessor places the property for sale" to imply that the price to be agreed upon is that of an acceptable offer for the property from a third party. By inferring the price term from the technical meaning of the "first option" language employed in the agreement, we read the clause as providing a definitely ascertained standard by which the price term may be determined and thus, unlike the "agreement to agree" in *Martin Delicatessen* (*supra*), the first option clause here is enforceable. (Appeal from judgment of Supreme Court, Onondaga County, Inglehart, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Denman, Moule and Schnepp, JJ.