**Robert E. WHITE, Plaintiff–Appellant,**

**v.**

**WESTERN DIVERSIFIED INSURANCE COMPANY, Defendant–Appellee.**

**No. 71A03–8710–CV–302.**

Court of Appeals of Indiana,
Third District.

June 27, 1988.

R. Kent Rowe, Jerry E. Huelat, Martin J. Gardner, R. Kent Rowe Law Offices, South Bend, for plaintiff-appellant.

Robert J. Konopa, Rebecca Hoyt Fischer, Kramer, Butler, Simeri, Konopa & Laderer, South Bend, for defendant-appellee.

HOFFMAN, Judge.

Robert White is appealing a summary judgment granted in favor of the Western

Diversified Insurance Company (Western). The case was decided on stipulated facts after both parties filed summary judgment motions. On appeal White raises several issues, however, all reduce to the single dispositive issue of: whether the trial court erred in finding that, as a matter of law, White was not entitled to disability benefits under a policy issued by Western.

The pertinent facts are that on May 22, 1984 White bought a truck which he financed through the Lafayette National Bank. As part of his financing package White also was issued a disability credit insurance policy from the Concord National Life Insurance Co. Later, on March 19, 1986, White refinanced the truck loan and concommittantly was issued a disability credit insurance policy, this time from Western.

The Western policy contained two clauses which form the basis of the present action. The first is an exclusionary clause which reads:

"TOTAL DISABILITY BENEFIT EXCEPTIONS: No disability benefits will be paid if disability: ... (b) Results from a condition which becomes known to you by requiring medical diagnosis or treatment, within the six months before the effective date, and that causes disability within the six months after the effective date[.]"

The second central clause limits the operation of the exclusionary clause which reads:

"If you renew or refinance your loan, the effective date of coverage by any policy provision will be the first date you were insured for the loan you renewed or refinanced. This does not apply to any amount in excess of the amount of the loan owed at the time of renewal or refinancing."

White was denied disability benefits by Western on July 23, 1986. He initially received treatment for his disabling condition on October 4, 1985. Ultimately, the trial court agreed with Western's denial of coverage and granted summary judgment in Western's favor.

■ On appeal from a summary judgment granted solely on a question of law, this Court stands in the shoes of the trial court and will look to see if the law was accurately applied. *Urban Hotel v. Main & Washington Joint Venture* (1986), Ind. App., 494 N.E.2d 334. In this case, the trial court was required to interpret and apply the terms of an insurance policy, which requires an analysis not very much different from interpretation of any other contract. Thus, the trial court's primary function was to effectuate the intent of the parties, as such intent was expressed in the written contract. *Northland Ins. Co. v. Crites* (1981), Ind.App., 419 N.E.2d 164. In the usual case the court can effectuate the intent of the parties by simply applying the plain and ordinary meaning of the contract language. *Asbury v. Indiana Union Mut. Ins. Co.* (1982), Ind.App., 441 N.E.2d 232. Applying the plain, ordinary meaning of contract language necessarily implies that the court will use the contract language, as written, and without addition or elaboration, which ensures the court will avoid rewriting the parties' agreement. *See e.g. Evans v. National Life Acc. Ins. Co.* (1984), Ind.App., 467 N.E.2d 1216.

■ Resolution of the present case is solely dependent on an interpretation of the clause, quoted above, which limits the operation of the exclusionary clause. The trial court adopted Western's interpretation which is essentially that if a person, already insured by Western, should, in the future, refinance the loan for which Western originally granted coverage, then the effective date for a new Western policy will be the effective date for the old Western policy. This interpretation is certainly plausible; however, it is clearly not the result of applying the plain and ordinary meaning of the contract language.

The only way to reach the trial court's interpretation is by adding words and infusing meaning not readily apparent on the face of the policy. Western is engaged in the business of writing insurance contracts like the one presently at issue. Surely the

questions involved in White's situation are not unique or even probably unusual. Regardless, if Western had intended the result argued for here, then the insurance contract could easily have been written to clearly deal with this situation. Instead, applying the plain and ordinary language of the limiting clause to the facts of this case, this Court finds that White renewed or refinanced his loan. The first date he was insured for the loan he renewed or refinanced was May 22, 1984. Thus the effective date of coverage for the Western policy was May 22, 1984. Since the trial court reached a contrary conclusion, and since no other issue need be addressed, this case is reversed.

Reversed.

GARRARD, P.J., and STATON, J., concur.