■ BLAU-PAR CORPORATION, Respondent, v RELIANCE CHEMICAL CORPORATION et al., Appellants, et al., Defendants.—Mercure, J. Appeal (transferred to this court by order of the

Appellate Division, Second Department) from a judgment of the Supreme Court (Meehan, J.), entered December 18, 1989 in Rockland County, which, *inter alia,* granted judgment against defendants Teresita M. Canzon and Reliance Chemical Corporation on plaintiff's second cause of action and denied said defendants' cross motion for summary judgment dismissing the complaint against them.

This action arises out of an October 1968 contract between defendants Lucien A. Fiala and Dorothy R. Fiala, as owners, and Harold W. Mullane and Helen M. Mullane, as tenants, for the lease of commercial property in Rockland County (hereinafter the property), which granted the tenants a "FIRST OPTION to purchase said property at FAIR MARKET VALUE". The Mullanes assigned their rights under the lease to plaintiff, which operates a topless go-go bar on the property. The property was conveyed by the Fialas to defendant Teresita M. Canzon in November 1985, by Canzon to defendant Reliance Chemical Corporation approximately two years later, and by Reliance to William Kolb, Jr. during the pendency of this appeal.

Plaintiff commenced this action against Canzon and Reliance (hereinafter collectively referred to as defendants) in 1987. The first and second causes of action seek specific performance of plaintiff's alleged absolute option to purchase and right of first refusal, respectively. By the instant motion, plaintiff sought, as is relevant to this appeal, summary judgment against defendants on the second cause of action. Defendants cross-moved for summary judgment dismissing the complaint against them. By decision dated February 23, 1989, Supreme Court denied the cross motion and granted the motion, directing rescission of the conveyance from Canzon to Reliance and specific performance of plaintiff's right of first refusal on the same terms as those given Reliance. Prior to submission of a proposed judgment, defendants moved for renewal and reargument of Supreme Court's decision. Supreme Court denied that motion and then rendered judgment in favor of plaintiff in accordance with its February 1989 decision. Defendants appeal.

We reverse. Although the contract is, at best, inartfully drafted, it is clear to us that the grant is of a "first option" or right of first refusal and not an absolute option, as alleged in plaintiff's first cause of action. Otherwise, the adjective "first" immediately preceding the word "option" is rendered meaningless *(see, R. I. Realty Co. v Terrell,* 254 NY 121, 124). The words "first privilege" or "first option" to purchase are terms

of art and do not grant an absolute option to buy *(see, supra,* at 124-125; *Di Maria v Michaels,* 90 AD2d 676, 677). Rather, the tenant's rights will mature only upon a bona fide purchase offer by a third party *(see, Cortese v Connors,* 1 NY2d 265, 269; *Di Maria v Michaels, supra).* Of greatest significance here, a tenant, upon receiving notification of a proposed sale of the property, must either exercise the option or lose its right to purchase *(see, supra).*

Having determined that the lease granted plaintiff a mere first option to purchase, the next inquiry is whether this right was triggered by a bona fide purchase offer and, if so, whether plaintiff exercised the option. On its motion for summary judgment, plaintiff presented evidence sufficient to defeat its own action as a matter of law. First, it is undisputed that the property was conveyed by the Fialas to Canzon in November 1985. Clearly, plaintiff's right to purchase was triggered by the offer preceding this conveyance. On its motion, plaintiff produced correspondence of October 2, 1985 whereby Anthony Pieri, plaintiff's sole shareholder, was provided with a copy of the proposed contract of sale between the Fialas and Canzon and advised of his right to exercise the option within the succeeding 30-day period. Plaintiff also presented the response of its attorney, asserting that his client had an absolute option, which was not triggered by the Canzon offer, and that his client was properly "sitting on [its] rights". Thus, we have competent evidence of a bona fide third-party offer, notice to plaintiff of the offer and plaintiff's refusal to exercise the option, all of which compelled a finding that plaintiff had no rights under the option clause after October 1985 and mandated a grant of summary judgment in favor of defendants dismissing the complaint against them.

We reject the contentions that notice to an individual, Pieri, was not notice to plaintiff and, further, that Pieri was no longer "a part of" plaintiff in 1985. Plaintiff itself produced a June 17, 1986 agreement between Pieri and Henry Ricca for the sale of the stock of plaintiff which recites that Pieri was at that time the owner of 100% of the stock and an officer and director of plaintiff. The contention that a notice addressed to the owner of a closely held corporation at the corporation's business address is not notice to the corporation is specious. Moreover, as noted, plaintiff's attorney responded to the notice on behalf of the corporation. The contentions that Canzon's was not a bona fide offer and that the Fialas had an obligation to produce not only a copy of the contract but an appraisal or other evidence of fair market value are similarly meritless.

Plaintiff's position that it had an absolute option and could "sit" on its rights foreclosed any consideration of the value of the property or the bona fides of the offer. We also reject the contention that the appeal was rendered moot by virtue of Reliance's conveyance of the property. Defendants have a current interest in bringing about a dismissal of the complaint, including the third cause of action for money damages. We need not consider the contentions surrounding Supreme Court's denial of the motion for renewal or reargument.

As a final matter, in November 1988 Reliance commenced a summary proceeding in Town Court, Town of Orangetown, Rockland County, to recover possession of the property, alleging that plaintiff's tenancy expired on October 25, 1988 and that plaintiff wrongfully continued in possession of the property thereafter. In its judgment, Supreme Court removed the summary proceeding from Town Court and then dismissed it. The effect of our reversal of Supreme Court's judgment shall be that the summary proceeding is pending in Supreme Court, and we shall remit the matter to that court for determination thereof.

Judgment reversed, on the law, with costs, defendants Reliance Chemical Corporation and Teresita M. Canzon granted judgment dismissing the complaint against them, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur.