**BEIGER HERITAGE CORP., Appellant,**

**v.**

**The Estate of George D. KILBEY and Carnegie Properties, Inc., Appellees.**

**No. 71A03–9508–CV–291.**

Court of Appeals of Indiana.

June 12, 1996.

Rehearing Denied Aug. 27, 1996.

Anastasia M. Mayette, Mayette & Mayette, Mishawaka, for appellant.

Don G. Blackmond, Jr., Don G. Blackmond, Doran, Blackmond, Ready, Hamilton & Williams, James P. Knepp, William L. Wilson, Hahn, Walz, Knepp and Dvorak, South Bend, for appellee.

## OPINION

GARRARD, Judge.

We address the issue of whether Beiger Heritage Corporation properly exercised its right of first refusal pursuant to a real estate purchase agreement between Beiger and George D. Kilbey, deceased, when it did not tender an earnest money deposit.

## FACTS

On February 16, 1976, Kilbey purchased the Carnegie Library in Mishawaka, Indiana from Beiger. The real estate purchase agreement (1976 agreement) contained the following right of first refusal provision:

> If the Purchaser, at any time subsequent to the date of this Agreement, desires or is otherwise compelled other than by the power of eminent domain, to sell, convey, transfer, assign, or otherwise dispose of all or any part of his right, title and interest in and to the subject property, then and in that event, the Vendor shall have, and is hereby given, the first option, right and privilege of purchasing the subject property upon the same terms and conditions as those upon which the Purchaser desires, or will be compelled, to sell the subject property to a third party, which terms and conditions shall be verified by the Purchaser delivering to the Vendor a copy of the offer for the purchase of the subject property which he has received, which shall disclose the identity of such purchaser, the terms and conditions of the purchase, and the price offered, and, contemporaneous therewith, shall offer in writing to sell the subject property to the Vendor upon those same terms and conditions. The Vendor shall have thirty (30) days after receipt of such offer to accept it. If the Vendor does not accept such an offer within the thirty (30) day period above-described, the Vendor [sic] [1] may sell, convey, transfer, assign or otherwise dispose of the subject property to any third party, but any transferee shall be bound by the terms and conditions of this Agreement and by any and all restrictive covenants contained in the deed transferring the right, title and interest in and to the subject property from the Vendor to the Purchaser.

(R. 140–41).

On March 8, 1994, Carnegie Properties submitted to the Estate of Kilbey a contract to purchase the Carnegie Library. The contract provided for a purchase price of $16,500, payable in full at the closing, and ac-knowledged an earnest money deposit of $3,000 although the terms did not purport to require it. The Estate accepted the contract subject to Beiger's first option under the 1976 agreement. The Estate notified Beiger of Carnegie's offer on March 14, 1994. Beiger, by counsel, sent the following reply letter on April 5, 1994:

> In reply to your letter of March 14, 1994, please be advised that Beiger Heritage Corporation by its Board of Directors is now exercising its Right of First Refusal with respect to the Carnegie Library.
>
> If you will provide us with a Title Policy updating the title we can proceed to closing.

(R. 147). This letter was not accompanied by a $3,000 earnest money deposit. On April 11, 1994, the Estate, by counsel, sent the following letter to Beiger regarding the pending purchase:

> I have ordered the Title Policy from St. Joseph Title Corp., and am preparing the paperwork to be submitted for the approval of the St. Joseph Probate Court.
>
> I will send the Boring Bill (See Section Five (5) of Contract to Purchase) and a proposed form of Closing Statement to you as soon as they are prepared.
>
> Can we make arrangements to leave some personal property in the Library until Mark [Administrator of the Estate] has time to move it (approximately 2–3 weeks)?

(R. 148). On May 13, 1994, Beiger recorded a Notice of Exercise of Right of First Refusal to protect its interest in the Carnegie Library.

In the course of the probate proceedings, the Estate filed a petition for instructions in order to determine whether Beiger validly exercised its first option under the 1976 agreement. Both Carnegie and Beiger moved for summary judgment, and these motions were denied. The parties then submitted the cause upon an agreed statement of facts. In its judgment the court concluded that, because Carnegie's offer included a $3,000 earnest money deposit, Beiger was

---

**1.** We presume that the use of the word "Vendor" rather than "Purchaser" was simply a drafting error.

required to submit such a deposit in order to properly exercise its first option. The court therefore authorized the sale of the library to Carnegie, and Beiger appeals.

## DISCUSSION

The sole issue before us is whether Beiger properly exercised its first option under the 1976 agreement. We conclude that Beiger did properly exercise its right and reverse the judgment.

 As the facts are not in dispute, our task on review is to correctly apply the law to the undisputed facts. *Coplen v. Omni Restaurants, Inc.*, 636 N.E.2d 1285, 1286 (Ind.Ct.App.1994). When a right of first refusal is initially granted, it is a dormant set of rights that does not entitle the holder to take any action until receipt of a bona fide offer. *Urban Hotel Management Corp. v. Main and Washington Joint Venture*, 494 N.E.2d 334, 337 (Ind.Ct.App.1986), *reh'g denied, trans. denied.* Once Beiger received notice of the offer from Carnegie, the right of first refusal was transmuted into an option. *Id.* An option is a continuing offer whose duration and method of exercise is strictly controlled by the agreement that created it. *Id.* Generally, the exercise of an option is effective only if it strictly adheres to the terms stipulated in the contract. *North Side Asphalt & Material Transport, Inc. v. Foreman*, 520 N.E.2d 457, 459 (Ind.Ct.App.1988), *trans. denied.*

Thus, we look to the specific terms of the 1976 purchase agreement to determine if Beiger properly exercised its rights. The 1976 agreement states that the purchaser (the Estate) "shall offer in writing to sell the subject property to the Vendor (Beiger) upon those same terms and conditions [as the acceptable proposal of the third party]. The Vendor shall have thirty (30) days after the receipt of such offer to accept it." This language merely requires a communicated acceptance within thirty days, and Beiger complied by its letter of April 5, 1994.

While we agree that in addition to accepting the terms of the third party's offer, the option required Beiger to also accept any conditions precedent to the performance of the proposed sale between the Estate and Carnegie, that proposal did not purport to impose an earnest money condition to the agreement. It merely recited that the purchase price was $16,500, that $3,000 earnest money deposit had been made, and that the purchase price should be paid in cash at the closing. Evidence that this was the Estate's interpretation can be found in the fact that upon receipt of the acceptance, rather than inquiring about down payment, the Estate notified Beiger that it was proceeding to prepare for the closing.

In sum, under the terms of its right of first refusal, Beiger was required to give notice of its acceptance within thirty days, and it did so. Since there were no conditions precedent that formed a part of the proposed sale, exercise of Beiger's option was complete upon its timely acceptance. We, therefore, reverse and remand with instructions to confirm the sale to Beiger.

Reversed and remanded.

HOFFMAN and SHARPNACK, JJ., concur.