**Eugene PETERSON and Eileen Peterson, Appellants– Defendants,**

v.

**FIRST STATE BANK, Appellee– Plaintiff.**

No. 62A05–0005–CV–176.

Court of Appeals of Indiana.

Nov. 15, 2000.

Patrick A. Shoulders, Robert L. Burkart, Zifmer, Stayman, Weitzel & Shoulders, Evansville, Indiana, Attorneys for Appellants.

Marilyn R. Ratliff, Evansville, Indiana, Attorney for Appellee.

## OPINION

BAILEY, Judge

### Case Summary

Appellants–Defendants Eugene Peterson and Eileen Peterson ("the Petersons") appeal a grant of summary judgment in favor of Appellee–Plaintiff First State Bank ("Bank"), upon Bank's complaint for reformation of a loan document and enforcement of a guaranty. We affirm.

### Issue

The Petersons present for our review two (restated) issues as follows:

1. Whether the trial court's reformation of a loan document was proper; and

2. Whether Bank was entitled to summary judgment against the Petersons as guarantors.

---

1. Tell City was joined to set forth any interest claimed by reason of a mortgage executed by officers of Indiana Pine to Tell City to secure

### Facts and Procedural History

In 1997, the Petersons, their son Bruce Peterson ("Bruce"), and their daughter-in-law Becky Peterson ("Becky") formed Indiana Pine, LLC ("Indiana Pine"), for the purpose of constructing and operating a sawmill facility in Perry County, Indiana. The Petersons resided in Michigan; thus, only Bruce and Becky were to be involved in the day-to-day operation of the sawmill.

On March 19, 1997, the Bank loaned Indiana Pine short-term construction funds in the amount of $340,000.00 and operating funds in the amount of $150,-000.00. Contemporaneously, Bruce and Becky, on behalf of Indiana Pine, executed a mortgage instrument to secure the payment of the $490,000.00 promissory note.

Upon the completion of construction of the Indiana Pine facility, a long-term loan, guaranteed by the United States Small Business Administration ("SBA"), replaced the short-term construction loan. On or about July 11, 1997, the following documents were executed: a SBA standard form Promissory Note in the amount of $340,000.00 (signed by Bruce and Becky), a SBA Guaranty (signed by Bruce, Becky and the Petersons), a Promissory Note in the amount of $150,000.00 (signed by Bruce and Becky as officers of Indiana Pine), and a SBA Settlement Sheet disclosing that the Bank disbursed $490,000.00 to Indiana Pine.

The Bank received some loan payments drawn on the checking account of Indiana Pine, but the loan eventually became delinquent. On December 7, 1998, the Bank filed a complaint for real estate foreclosure and satisfaction of the promissory notes, naming as defendants Indiana Pine, Bruce, Becky, the Petersons and Tell City, Indiana.[1] The Petersons denied liability as guarantors of the $340,000.00 note, asserting that it was a personal obligation of

payment of a note for $155,400.00 and recorded in the Office of the Recorder of Perry County, Indiana. (R. 17)

Bruce and Becky because their signatures were unaccompanied by any designation identifying them as officers of Indiana Pine.

On January 25, 1999, the Bank moved for summary judgment against all defendants. On March 15, 1999, the Petersons moved for partial summary judgment in their favor. On May 10, 1999, the Bank moved to amend its complaint to add a claim for reformation of the $340,000.00 note signed by Bruce and Becky.

On June 29, 1999, the Perry County Circuit Court entered its "Agreed Partial Judgment of Foreclosure and Order of Sale." (R. 100.) The Bank was awarded a judgment against Bruce and Becky for the aggregate outstanding loan balance of $431,761.48, plus interest and costs of collection. Further, an order of foreclosure was entered. The court expressly reserved for subsequent hearing the issues of the liability of Indiana Pine under the $340,000.00 note and the liability of the Petersons as guarantors.

On July 16, 1999, Bruce and Becky filed a petition for bankruptcy under Chapter 7 of Title 11, United States Code.

On October 4, 1999, the trial court denied the pending motions for summary judgment but granted the Bank leave to amend its complaint to add a claim for reformation of a written instrument. Accordingly, on October 8, 1999, the Bank filed an amended complaint, in pertinent part seeking to reform the $340,000.00 loan note to reflect that Bruce and Becky executed the document as officers of Indiana Pine. On October 26, 1999, the Petersons filed a second motion for summary judgment. On December 6, 1999, the Bank filed a second motion for summary judgment.

On March 29, 2000, the trial court entered findings of fact and conclusions of law, denying the Petersons's motion for summary judgment and granting the Bank's motion for summary judgment. This appeal followed.

## Discussion and Decision

### I. Reformation of Written Instrument

The Bank successfully sought reformation of the $340,000.00 note based upon a mutual mistake, specifically, a clerical error in the typing of the signature lines. The Petersons claim that the reformation was inequitable and contrary to law. The thrust of their argument is that the Bank took judgment against Bruce and Becky pursuant to the Agreed Partial Judgment and is subsequently barred from claiming that another entity is liable on the same loan.

A court of equity has jurisdiction to reform written documents. *Plumlee v. Monroe Guaranty Ins. Co.*, 655 N.E.2d 350, 356 (Ind.Ct.App.1995). However, reformation is an extreme equitable remedy to relieve the parties of mutual mistake or of fraud. *Reasor v. Putnam County*, 635 N.E.2d 153, 158 (Ind.1994). A mistake of law, a mistake as to the legal import of language used, will not normally support a claim for reformation of an instrument. *Urban Hotel Management Corp. v. Main & Washington Joint Venture*, 494 N.E.2d 334, 338 (Ind.Ct.App.1986). Reformation is appropriate only in limited circumstances: (1) where there is a mutual mistake such that the written instrument does not reflect what the parties truly intended; and (2) where there has been a mistake on the part of one party accompanied by fraud or inequitable conduct by the other party. *Id.* at 337. Mistake by the scrivener will permit reformation of an instrument where it is logically indicated that both parties were mistaken as to the actual contents of the instrument. *Essex Group, Inc. v. Nill*, 543 N.E.2d 393, 396 (Ind.Ct.App.1989). Writings executed at the same time and relating to the same transaction or subject matter will ordinarily be construed together in determining the intention of the parties. *Beradi v. Hardware Wholesalers, Inc.* 625 N.E.2d 1259, 1261 (Ind.Ct.App.1993). Moreover, the parties' conduct during the course of a contract is

relevant to the determination of their true intent. *Sharp v. Jones,* 497 N.E.2d 593, 596 (Ind.Ct.App.1986).

■ Here, the designated materials clearly reveal that the parties actually intended that Bruce and Becky sign the $340,000.00 note as officers of Indiana Pine. The note represented the renewal of an existing loan to Indiana Pine, secured by a mortgage on the property of Indiana Pine. Documents executed contemporaneously with the reformed document refer to a disbursement to Indiana Pine. All payments made on the $340,000.00 note were drawn on the checking account of Indiana Pine, and financial statements subsequently submitted to the Bank listed a $340,000.00 "SBA note" as a liability of Indiana Pine.

■ Moreover, the reformation claim did not, as the Petersons argue, invoke either the doctrine of election of remedies (which bars pursuit of a theory inconsistent with another theory prosecuted to a conclusion, *Parke v. First National Bank of Elkhart,* 571 N.E.2d 1317 (Ind.Ct.App. 1991)), or of *res judicata* (which bars claims that were or could have been litigated on the merits in a prior proceeding between the same parties, *U.S. Fidelity & Guaranty Co. v. DeFluiter,* 456 N.E.2d 429 (Ind.Ct.App.1983)). The Bank did not pursue a reformation claim inconsistent with the Agreed Partial Judgment. The Bank averred that Bruce and Becky executed the $340,000.00 promissory note individually as well as on behalf of Indiana Pine (R. 13). According to the terms of the Agreed Partial Judgment, the trial court entered judgment against Bruce and Becky individually, but expressly reserved for future hearing the issue of the liability of Indiana Pine under "Note 1," the $340,000.00 note. (R. 107.) In short, the Agreed Partial Judgment did not foreclose the Bank's opportunity to pursue Indiana Pine as an obligor on the $340,000.00 note.

Inasmuch as the Bank, Bruce, Becky and the Petersons clearly intended that Indiana Pine be liable on the $340,000.00 note, and the reformation was not barred by equitable doctrines, the trial court properly reformed the note to reflect the intent of the parties.

## II. Summary Judgment

### A. Standard of Review

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The burden is on the moving party to prove that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. *Stephenson v. Ledbetter,* 596 N.E.2d 1369, 1371 (Ind.1992). Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Id.* At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. T.R. 56(C).

When reviewing an entry of summary judgment, we stand in the shoes of the trial court. *Reed v. Luzny,* 627 N.E.2d 1362, 1363 (Ind.Ct.App.1994). We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C). However, we will reverse the trial court if we determine that the trial court misapplied the law. *Stemm v. Estate of Dunlap,* 717 N.E.2d 971, 975 (Ind.Ct.App.1999), *reh'g denied.*

### B. Analysis

■ The trial court order presented for review is designated as "Findings of Fact, Conclusions of Law and Summary Judgment Entry." (R. 223.) Findings of fact are inappropriate when summary judgment is entered. *Harvest Life Ins. Co. v. Getche,* 701 N.E.2d 871, 874 (Ind.Ct.

App.1998), *trans. denied.* The entry of specific findings and conclusions does not alter the nature of a summary judgment, which is a judgment entered when there are no genuine issues of material fact to be resolved. *Rice v. Strunk,* 670 N.E.2d 1280, 1282 (Ind.1996). We are not bound by the trial court's specific findings of fact and conclusions of law, which merely aid our review by providing us with a statement of reasons for the trial court's actions. *Id.*

Here, the trial court's findings and conclusions indicate that it granted summary judgment to the Bank because the Bank was entitled to reformation of the $340,000.00 note and the designated materials (including the reformed note) revealed that no disputed issue of material fact was before the court. The Petersons concede that they guaranteed the indebtedness of Indiana Pine, and that the note payments became delinquent, but assert that: "the Note is not a liability of Indiana Pine." Appellant's brief at 9. This contention does not identify an issue of material fact, but rather a question of law that has been decided adversely to the Petersons's position. *See Gregory and Appel, Inc. v. Duck,* 459 N.E.2d 46, 51 (Ind.Ct.App.1984) (holding that "where a claim is founded exclusively upon documentary exhibits, the legal effect of those documents is a question of law to be resolved by the court.")

## Conclusion

The trial court properly reformed the $340,000.00 note to reflect that Indiana Pine is a maker of the Note. The Petersons have failed to identify a genuine issue of material fact, the existence of which would preclude summary judgment in favor of the Bank. Thus, the trial court properly entered summary judgment.

Affirmed.

RILEY, J., and BARNES, J., concur.