**CARR DEVELOPMENT GROUP, LLC, Appellant–Defendant,**

v.

**The TOWN OF NORTH WEBSTER, Appellee–Plaintiff.**

No. 43A05–0804–CV–211.

Court of Appeals of Indiana.

Nov. 6, 2008.

Publication Ordered Dec. 2, 2008.

Jason W. Bennett, Lafayette, IN, Attorney for Appellant.

Jack C. Birch, Randall L. Morgan, Syracuse, IN, Attorneys for Appellee.

**OPINION**

SULLIVAN, Senior Judge.

Carr Development Group, LLC, (Carr), appeals the trial court's grant of declaratory relief in favor of the Town of North Webster upon its complaint for reformation of a contract between the parties.

The sole issue for our review is whether the trial court erred in ordering the contract reformation. We affirm.

The stipulated facts reveal that Carr owns real estate in Kosciusko County. Carr wished to develop that real estate and in 2004 approached North Webster to discuss construction of a sanitary sewer system to serve its real estate. Carr wanted to connect its sewer system to the North Webster sewer system. Carr also wanted North Webster to assume responsibility for the operation and maintenance of Carr's sewer system. North Webster advised Carr that it would consider the request so long as the infrastructure did not result in a negative financial impact to

North Webster. Specifically, North Webster would not agree to participate financially, either by contributing funds or waiving fees, in any part of the Carr project. In March 2004, Carr presented an agreement to North Webster that was never executed. As to that proposed agreement, the parties stipulated that "at no time did North Webster offer or agree to participate financially, either by contributing funds or waiving fees to which it would otherwise be entitled. . . ." (Appendix 41).

More than one year later, in July 2005, Carr delivered another proposed written agreement to North Webster. Town Council members did not thoroughly review the agreement because they believed the material terms of the agreement were the same as earlier contemplated and set forth in the proposed agreement presented to them in 2004. North Webster approved and executed the agreement. In October 2006, North Webster realized that Carr had included a provision in the July 2005 agreement that purported to waive any sewer tap or connection fees. North Webster met with Carr to discuss the discrepancy between the two documents. During the course of the meeting, Carr Representative Rick Rookstool admitted that he knew the agreement was amended but chose not to disclose the amendment to North Webster. Instead, Rookstool chose to wait to see whether North Webster would object to the amended agreement prior to signing it. Carr refused North Webster's request to delete the fee waiver provision from the agreement.

In May 2007, North Webster filed a complaint for declaratory judgment wherein North Webster asked the court to either declare the agreement to be invalid and unenforceable because Carr modified material terms of the agreement without North Webster's knowledge, or in the alternative to reform the terms of the agreement to conform to the terms of the earlier agreement. Following argument upon the stipulated facts, the trial court issued a judgment in favor of North Webster. Specifically, the court ordered the deletion of the provision that relieved Carr from the payment of certain fees. Carr appeals.

At the outset we note that the trial court based its decision upon the parties' stipulated facts. When a trial court's decision is based upon stipulated facts, this court is in as good a position as the trial court to determine its force and effect. *Poznic v. Porter County Development Corp.,* 779 N.E.2d 1185, 1188 (Ind.Ct.App.2002). Thus, our review of the trial court's decision is de novo. *Id.*

A court of equity has jurisdiction to reform written documents. *Peterson v. First State Bank,* 737 N.E.2d 1226, 1229 (Ind.App.2000). However, reformation is an extreme remedy that is appropriate only in the following limited circumstances: 1) where there was a mutual mistake such that the written instrument does not reflect what the parties truly intended; or 2) where there has been a mistake on the part of one party accompanied by fraud or inequitable conduct by the other party. *Id.*

This court has previously stated that where one party to a contract undertakes to draw up the contract in accordance with a previous understanding, but drafts the contract contrary to that understanding, and permits the other party to sign the same without informing him that the contract is not in conformity with the previous understanding, such conduct on the part of the party preparing the contract is fraudulent. *People's Trust and Savings Bank v. Humphrey,* 451 N.E.2d 1104, 1112 (Ind.Ct. App.1983) (citing *McNair v. Public Savings Insurance Company of America,* 163 N.E. 290, 88 Ind.App. 386 (1928)).

Carr contends that North Webster's failure to carefully read the 2005 proposed agreement constituted negligence on the part of North Webster and precludes the relief sought. We disagree. To the extent that Carr's silence as to the change in the 2005 agreement presented for signature is not a true misrepresentation so as to constitute actual fraud, we note that both parties acknowledge that "inequitable conduct" under certain circumstances will justify reformation. We therefore find the decisions in *Humphrey* and *McNair* to be persuasive.

Here, the parties to the contract had a prior understanding that North Webster would not waive any fees in the Carr project. Carr nevertheless drafted an amendment contrary to this understanding and permitted North Webster to sign the contract without informing North Webster of the amendment. This is inequitable conduct that supports the reformation of the parties' contract. *See id.* We find no error.

Affirmed.

ROBB, J., and MATHIAS, J., concur.

### ORDER

Appellee Town of North Webster, by counsel, has filed a Motion to Publish Memorandum Decision. Appellant Carr Development Group, LLC, by counsel, has filed a Response to Motion to Publish Memorandum decision.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. Appellee's Motion to Publish Memorandum Decision is GRANTED. This Court's opinion handed down in the cause on November 6, 2008, marked Memorandum Decision, Not for Publication, is now ORDERED PUBLISHED.

ROBB, MATHIAS, JJ., SULLIVAN, Sr.J., concur.